**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AEROHEAD GROUP, INC. | § | |
| | § | |
| VS | § | Civil Action No. 5:26-cv-5052 |
| | § | |
| SPAWGLASS CONTRACTORS, INC., | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and | § | |
| FEDERAL INSURANCE COMPANY | § | |

## AEROHEAD GROUP INC.'S ORIGINAL COMPLAINT

Now Comes Plaintiff, Aerohead Group, Inc., by and through the undersigned attorneys and alleges as follows:

### Nature of the Action

1. This action is brought by Aerohead Group, Inc. ("AGI"), to recover monies due and owing from SpawGlass Contractors, Inc. ("SPAWGLASS"), relating to unpaid labor and materials furnished to SPAWGLASS for construction of the plumbing, heating, ventilating, and air conditioning scope of work on "3019032 - Lackland Corp Dorm ATC #6" Project SpawGlass/AGI subcontract no. 3019032-0001. Count I of this action is brought by AGI against SPAWGLASS to recover damages for breach of contract, including attorneys fees. Count II of this action is brought by AGI against SPAWGLASS to recover the value of benefits conferred by AGI to SPAWGLASS on a *quantum meruit* basis. Count III of this action is brought by AGI for payment as Use-Plaintiff under the *United States Miller Act, 40 U.S.C. §§ 3131–3134, et seq.* on the Payment Bond provided by Liberty Mutual Insurance Company, Federal Insurance Company, and SPAWGLASS.

**Parties**

2. The Plaintiff, AGI, is a corporation duly authorized and engaged in business under the laws of the State of Texas.

3. The Defendant, SPAWGLASS, is a corporation authorized to conduct business in the State of Texas, which may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant, Liberty Mutual Insurance is a foreign insurance company authorized to do business in the State of Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company, located at 211 East 7th Street, Ste 620, Austin, TX 78701-3218.

5. Defendant, Federal Insurance Company is a foreign insurance company authorized to do business in the State of Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**Jurisdiction**

6. Jurisdiction is conferred upon this Court by the *Miller Act, 40 U.S.C. §§ 3131–3134, et seq*.

7. Venue for this action properly rests in the Western District of Texas, San Antonio Division, under the *Miller Act, 40 U.S.C. §§ 3131–3134*, providing venue in the United States District Court for the District in which the contract was performed.

8. Additionally, jurisdiction for Counts I and II is conferred upon this Court under the doctrine of pendent jurisdiction, and pursuant thereto, AGI would show that, although the causes of action of AGI against SPAWGLASS as set forth in Counts I and II are separate and independent causes of action between AGI and SPAWGLASS, the claims set forth therein are based on

substantially the same operative facts set forth below, and as a matter of convenience and fairness to the parties hereto, this Court should assume and exercise jurisdiction over Counts I, II and III of Use-Plaintiff's Original Complaint. AGI requests and so moves the Court to assume such jurisdiction in order that the whole case may be tried at one time.

**Count I.**

***Pendent State Claim - Breach of Contract***

9. Prior to the subcontract agreement between AGI and SPAWGLASS, AGI believes and therefore alleges that the UNITED STATES OF AMERICA and the Defendant, SPAWGLASS, entered into a written contract whereby SPAWGLASS agreed to perform the general construction work described in the written agreement for the construction of improvements generally referred to as the **Lackland Corp Dorm ATC #6** at W Military Dr., Lackland AFB Lackland Air Force Base, Texas 78236, believed to be federal prime contract no. W9126G-19-C-0023, (hereinafter called "the Project").

10. AGI at the solicitation of SPAWGLASS submitted written proposals for performance of certain portions of the Project for SPAWGLASS. After negotiations, on or about February 3, 2020, SPAWGLASS and AGI entered into a subcontract agreement for performance of the following general scopes of work on the Project: plumbing, heating, ventilating and air conditioning systems construction (the "Work"). AGI was directed to proceed with the foregoing Work, and commenced performance after agreement on all the essential elements of contract by SPAWGLASS and AGI.

11. Pursuant to such subcontract agreement AGI furnished labor and materials to SPAWGLASS for performance of the Work. AGI diligently performed all conditions precedent in

fulfilling its obligations under the terms of its agreement. AGI's Work, including labor and materials conformed to the agreement of the parties.

12. AGI also performed extra work at the special instance and request of SPAWGLASS consisting generally of delays and impacts to AGI's progress on the Project caused by scheduling, sequencing and interference with AGI performance caused by other subcontractors and/or third parties, as memorialized and agreed by and between SPAWGLASS and AGI by Subcontract Change Order 29 dated June 4, 2025, in the amount of $1,506,762.00 to be paid to AGI for such extra work ("Change Order 29").

13. However, Change Order No. 29 remains due and unpaid to AGI to date in the amount of $1,506,762.00 for AGI's described extra work furnished on the Project. The agreed amount owed according to the agreement of the parties, for Change Order 29 and such extra work, or alternatively, the reasonable value for such extra work performed, is ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00), for which payment has not been made to AGI. AGI has previously made demand to SPAWGLASS for such payment.

14. WHEREFORE, AGI demands judgment against the Defendant, SPAWGLASS, in the aggregate sums as pleaded hereinabove, plus applicable prejudgment interest, costs and attorney's fees pursuant to Texas Civil Practice and Remedies Code 38.001, et seq. Use-Plaintiff, AGI, has agreed to pay the undersigned attorneys a reasonable fee for their services and therefore seeks to recover such amounts from SPAWGLASS for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

## Count II.

***Pendent State Claim - Quantum Meruit***

15. The allegations contained in Paragraphs 1 through 14 are reiterated and reaffirmed as if fully set forth herein.

16. In the alternative, AGI would show that AGI's above-described extra work, labor and materials were furnished for the benefit of SPAWGLASS, either at its specific direct request or with its knowledge and consent. Defendant, SPAWGLASS, accepted and received said extra work, labor and materials with knowledge that Plaintiff expected compensation from SPAWGLASS.

17. Plaintiff's said extra work labor and materials benefited SPAWGLASS, and the reasonable value of the materials furnished to SPAWGLASS by AGI, which remains unpaid as of this date is ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00).

18. WHEREFORE, AGI demands judgment against SPAWGLASS in the sum of ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00), plus applicable interest, costs and attorney's fees pursuant to Texas Civil Practice and Remedies Code 38.001, et seq. Use-Plaintiff, AGI, has agreed to pay the undersigned attorneys a reasonable fee for their services and therefore seeks to recover such amounts from SPAWGLASS for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

## Count III

***Miller Act***

19. The allegations contained in Paragraphs 1 through 18 are reiterated and reaffirmed as if fully set forth herein.

20. Pursuant to *40 U.S.C. §§ 3131–3134*, Liberty Mutual Insurance Company, Federal Insurance Company, and SPAWGLASS furnished performance and payment bonds to the UNITED STATES OF AMERICA wherein SPAWGLASS, as principal, and Liberty Mutual Insurance Company and Federal Insurance Company, as sureties, bound themselves jointly and severally for the protection of all persons supplying work, labor and material in the performance of the work on the Project.

21. AGI supplied its Work including extra work, labor and material at the request of and by virtue of its agreement with Defendant, SPAWGLASS. After allowing appropriate credits and offsets there remains unpaid to AGI the sum of ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00), at the time of the institution of this suit.

22. The Defendant, SPAWGLASS, has not paid to the Use-Plaintiff, AGI, the sum of ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00), due AGI according to agreed Change Order 29, for which claim is hereby made.

23. This suit has been commenced within one (1) year from the date upon which the last of the extra work, material or labor was supplied by AGI.

24. The contract between SPAWGLASS and the United States was to be performed at Lackland Air Force Base, Texas, and all of the extra work, labor and material was supplied by

AGI within the Western District of Texas, San Antonio Division.

## PRAYER

WHEREFORE, AGI prays for judgment against Defendants, Liberty Mutual Insurance Company and Federal Insurance Company, and SPAWGLASS, jointly and severally, for ONE MILLION FIVE HUNDRED SIX THOUSAND SEVEN HUNDRED SIXTY TWO AND 00/100 DOLLARS ($1,506,762.00), plus applicable interest, costs and attorney's fees.

Respectfully submitted,

By: */s/ Thomas J. Walthall, Jr.*

Thomas J. Walthall Jr.
State Bar No. 20821600
tom@txconstructionlaw.com
Victoria McDaniel-Sonnier
State Bar No. 24093525
victoria@txconstructionlaw.com
SANDERFORD & CARROLL, P.C.
1100 NE Loop 410, Suite 610
San Antonio, Texas 78209
Telephone: (210) 202-1980

**ATTORNEYS FOR PLAINTIFF**